Jose MEDINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 63942.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 20, 1982.

Garland D. McInnis, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Connie Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction of voluntary manslaughter. The appellant and Santos Navarro were jointly tried on the charge of murdering Miguel Cervantes. Navarro was convicted of manslaughter and sentenced to twenty years imprisonment. The appellant's punishment was assessed by the jury at fifteen years imprisonment in the Texas Department of Corrections.

In three grounds of error the appellant challenges the sufficiency of the evidence to convict, and he contends that the trial court erred by not permitting him to show specific acts of misconduct by the deceased and by not permitting him to impeach the State's sole witness to the homicide on a material point of the witness' testimony.

On February 6, 1978, the appellant became involved in an argument with the deceased, Miguel Cervantes and his brother Felipe Cervantes, at the appellant's home. Santos Navarro persuaded the brothers to leave with him to go get a drink at a local lounge. The three men left and about an hour later the appellant joined them at the bar. They then went to another nearby bar and began arguing so loudly that the owner asked them to leave. The appellant and

Navarro left first and hid behind the building, waiting for the Cervantes brothers to leave. A fight broke out in the parking lot among the four men, and during this fight Navarro fatally stabbed Miguel Cervantes.

At trial the only defensive issue was self defense; it was undisputed that the appellant and Navarro were present during the homicide and that Navarro fatally stabbed the deceased. The State's witness, Felipe Cervantes, testified that the appellant and Navarro attacked his brother and that after his brother was killed the appellant kicked him. Cervantes testified that the appellant and Navarro choked and stabbed the deceased. Cervantes also stated that when he tried to aid his brother "they started to stab me, too . . . ." He recalled that both the appellant and Navarro were armed with knives.

 The appellant testified that he fought Felipe Cervantes while Navarro fought the deceased, and that Navarro killed the deceased. The trial court instructed the jury under the law of parties. Viewing the evidence in the light most favorable to the verdict, evidence is clearly sufficient to support the appellant's conviction at least as a party to the offense. The ground of error is overruled.

The appellant contends that the trial court improperly denied him the opportunity to show specific acts of misconduct by the deceased. The trial court permitted the defense to perfect a bill of exceptions and the appellant testified that he knew of three specific acts of misconduct by the deceased. The appellant related that: he had seen the deceased try to stab another man with a knife at a bar; he had seen the deceased use brass knuckles; and he had seen the deceased try to hit his own father.

Specific acts of misconduct may be used to evidence the violent character of the deceased where it is first shown that they were known to the defendant prior to the homicide. *Smith v. State,* 67 Tex.Cr.R. 27, 148 S.W. 699 (1912). The defense may offer specific acts of violence or misconduct which evidences the violent character of the

deceased provided that, if offered for the purpose of showing the reasonableness of defendant's claim of apprehension of danger, it must further appear that the acts of violence of misconduct were known to the defendant at the time of the homicide. *Dempsey v. State,* 159 Tex.Cr.R. 602, 266 S.W.2d 875 (1954). In the instant case the appellant related those incidents of deceased's misconduct to which he was a witness and of which he had prior knowledge. The appellant should have been allowed to testify to these specific acts of misconduct committed by the deceased to show that he had a reasonable apprehension of bodily harm when he went to Navarro's aid and to explain the act of the deceased in coming toward Navarro, the appellant's brother-in-law, with a knife. See *Williams v. State,* 14 Tex.App. 102 (1883).

We need not consider appellant's remaining ground of error. This judgment is reversed and the cause remanded.